IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Symbology Innovations, LLC, | § § § | Civil Action No. 2:15-cv-1169-JRG-RSP LEAD CONSOLIDATED |
| v. | § § | |
| Adams Extract | § | |
| Symbology Innovations, LLC, | § § § | Civil Action No. 2:15-cv-1176-JRG-RSP |
| v. | § § § | |
| Government Employees Insurance Company d/b/a GEICO, | § § | |

**DEFENDANT GEICO'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF SYMBOLOGY INNOVATIONS, LLC'S FIRST AMENDED COMPLAINT**

Defendant and Counterclaimant Government Employees Insurance Company ("GEICO") respectfully submits this Answer, these Affirmative Defenses, and these Counterclaims in response to the First Amended Complaint of Symbology Innovations, LLC ("Symbology"). GEICO denies all allegations not expressly admitted.

## I.

## PARTIES AND JURISDICTION[1]

1.  GEICO admits that this action purports to be for alleged patent infringement under Title 35 of the United States Code, but GEICO denies that Symbology's claims have any factual or legal basis. GEICO admits that Symbology is seeking injunctive relief as well as damages. GEICO expressly denies any alleged patent infringement of any valid and enforceable claim.

2.  GEICO admits that, to the extent that the First Amended Complaint alleges patent infringement and if Symbology has standing to assert U.S. Patent Nos. 8,424,752 (the "'752 Patent"), 8,651,369 (the "'369 Patent"), and 8,936,190 (the "'190 Patent"), this Court would have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). GEICO expressly denies any alleged patent infringement.

3.  GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies them.

4.  GEICO admits that Government Employees Insurance Company is a Maryland corporation and that it can be served via its registered agent The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201. GEICO has its principal place of business in Chevy Chase, MD. GEICO denies the remaining allegations of Paragraph 4.

---

[1] GEICO denies allegations embedded in any of the headings in the First Amended Complaint or this Answer.

5. GEICO does not contest personal jurisdiction for the purposes of this action. GEICO admits that it has conducted business in the state of Texas. GEICO expressly denies any alleged patent infringement. GEICO denies the remaining allegations of Paragraph 5.

6. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies them. GEICO expressly denies any alleged patent infringement.

## VENUE

7. Paragraph 7 contains conclusions of law to which no answer is required. GEICO expressly denies that this District is the most appropriate or convenient forum to exercise jurisdiction over this case and reserves the right to file a motion to transfer this case to a more convenient forum under 28 U.S.C. § 1404(a). GEICO expressly denies any alleged patent infringement.

## COUNT I - INFRINGEMENT OF U.S. PATENT No. 8,424,752

8. GEICO incorporates by reference its responses to Paragraphs 1 through 7 of the First Amended Complaint.

9. GEICO admits that the First Amended Complaint purports to allege infringement of a United States patent, and, based on such allegation, this action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq. GEICO expressly denies any alleged patent infringement.

10. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and on that basis denies them.

11. GEICO admits that Exhibit A purports to be a copy of the '752 Patent. GEICO admits that, on its face, the '752 Patent is titled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

12. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and on that basis denies them.

13. Denied.

14. Denied.

15. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and on that basis denies them.

16. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and on that basis denies them.

17. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and on that basis denies them.

## COUNT II - INFRINGEMENT OF U.S. PATENT No. 8,651,369

18. GEICO incorporates by reference its responses to Paragraphs 1 through 17 of the First Amended Complaint.

19. GEICO admits that the First Amended Complaint purports to allege infringement of a United States patent, and, based on such allegation, this action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq. GEICO expressly denies any alleged patent infringement.

20. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and on that basis denies them.

21. GEICO admits that Exhibit B purports to be a copy of the '369 Patent. GEICO admits that, on its face, the '369 Patent is titled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

22. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and on that basis denies them.

23. Denied.

24. Denied.

25. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and on that basis denies them.

26. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and on that basis denies them.

27. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and on that basis denies them.

### **COUNT III - INFRINGEMENT OF U.S. PATENT No. 8,936,190**

28. GEICO incorporates by reference its responses to Paragraphs 1 through 27 of the First Amended Complaint.

29. GEICO admits that the First Amended Complaint purports to allege infringement of a United States patent, and, based on such allegation, this action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq. GEICO expressly denies any alleged patent infringement.

30. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30, and on that basis denies them.

31. GEICO admits that Exhibit C purports to be a copy of the '190 Patent. GEICO admits that, on its face, the '190 Patent is titled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

32. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and on that basis denies them.

33. Denied.

34. Denied.

35. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and on that basis denies them.

36. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and on that basis denies them.

37. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and on that basis denies them.

## PRAYER FOR RELIEF

GEICO denies all allegations contained in the Prayer for Relief of the First Amended Complaint and denies that Symbology is entitled to any of the relief requested therein or to any other relief whatsoever from GEICO.

## II.

## DEFENSES

GEICO hereby asserts the following separate, distinct and non-exclusive affirmative and other defenses to the claims and allegations contained in the First Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. GEICO's investigation of its defenses

is continuing, and GEICO reserves the right to seek leave to amend its Answer to plead additional defenses and/or to supplement its existing defenses.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

38.  Symbology's First Amended Complaint fails to state any claim against GEICO upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Noninfringement of the '752 Patent)**

39.  GEICO is not infringing and has not infringed any valid, enforceable claim of the '752 patent.

### THIRD AFFIRMATIVE DEFENSE
**(Invalidity of the '752 Patent)**

40.  One or more claims of the '752 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

### FOURTH AFFIRMATIVE DEFENSE
**(Noninfringement of the '369 Patent)**

41.  GEICO is not infringing and has not infringed any valid, enforceable claim of the '369 patent.

### FIFTH AFFIRMATIVE DEFENSE
**(Invalidity of the '369 Patent)**

42.  One or more claims of the '369 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

### SIXTH AFFIRMATIVE DEFENSE
### (Noninfringement of the '190 Patent)

43. GEICO is not infringing and has not infringed any valid, enforceable claim of the '190 patent.

### SEVENTH AFFIRMATIVE DEFENSE
### (Invalidity of the '190 Patent)

44. One or more claims of the '190 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, and Estoppel)

45. Symbology's claims for relief are, in whole or in part, barred by the doctrines of waiver (express or implied), laches, acquiescence, and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel, Prosecution Disclaimer)

46. Symbology's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel, and/or prosecution disclaimer.

### TENTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

47. Any claim by Symbology for damages is limited under 35 U.S.C. §§ 286 and/or 287.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

48. Any claim by Symbology for injunctive relief is improper as Symbology has no irreparable injury, has an adequate remedy at law, and otherwise cannot meet the requirements for obtaining injunctive relief.

## **TWELFTH AFFIRMATIVE DEFENSE**
**(Impermissible Venue)**

49. Venue in this District is improper and/or inconvenient.

## **THIRTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

50. Symbology had a duty to mitigate its alleged damages and failed to do so. Its damages are therefore either barred or reduced.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counterclaimant Government Employees Insurance Company ("GEICO") alleges the following against Plaintiff and Counterclaim-Defendant Symbology Innovations, LLC ("Symbology"):

## PARTIES

1. GEICO is a Maryland corporation with its principal place of business in Chevy Chase, MD.

2. Symbology has alleged that it is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION AND VENUE

3. Subject to the affirmative defenses and denials set forth above, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and/or 2202.

4. Symbology has submitted to the personal jurisdiction of this Court by bringing the present action alleging patent infringement.

5. Although venue in this District is improper and/or inconvenient with respect to Symbology's Complaint, to the extent the underlying action brought by Symbology against GEICO were to proceed in this judicial district, then venue as to these counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c). Venue is proper in the District of Maryland.

6. By its Complaint, Symbology alleges that GEICO infringes valid, enforceable claims of U.S. Patent Nos. 8,424,752 (the "'752 Patent"), 8,651,369 (the "'369 Patent"), and 8,936,190 (the "'190 Patent").

7.　　GEICO denies that it infringes any valid, enforceable claim of the '752 Patent, the '369 Patent, or the '190 Patent.

8.　　An actual controversy has arisen and now exists between GEICO and Symbology as to the non-infringement and invalidity of the '752 Patent, the '369 Patent, and the '190 Patent.

## COUNTERCLAIM COUNT ONE
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,424,752)**

9.　　GEICO repeats and re-alleges the allegations of the preceding Paragraphs 1-8 of its Counterclaims as if fully set forth herein.

10.　　Symbology purports to be the owner by assignment of the '752 Patent with sole rights to enforce the '752 Patent and sue infringers. Symbology has sued GEICO in the present action, alleging infringement of at least Claim 1 of the '752 Patent.

11.　　GEICO is not infringing, and has not infringed, any valid, enforceable claim of the '752 Patent.

12.　　Thus an immediate, real, and justiciable controversy exists between GEICO and Symbology with respect to Symbology's allegations of infringement of the '752 Patent.

13.　　GEICO is entitled to a declaratory judgment that it is not infringing, and has not infringed, any valid enforceable claim of the '752 Patent.

## COUNTERCLAIM COUNT TWO
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,424,752)**

14.　　GEICO repeats and re-alleges the allegations of the preceding Paragraphs 1-13 of its Counterclaims as if fully set forth herein.

15.　　Symbology purports to be the owner by assignment of the '752 Patent with sole rights to enforce the '752 Patent and sue infringers. Symbology has sued GEICO in the present action, alleging infringement of at least one valid, enforceable claim of the '752 Patent.

16. GEICO denies that the '752 Patent is valid and asserts that the claims of the '752 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

17. Thus an immediate, real, and justiciable controversy exists between GEICO and Symbology with respect to the invalidity of the '752 Patent.

18. GEICO is entitled to a declaratory judgment that the claims of the '752 Patent are invalid.

**COUNTERCLAIM COUNT THREE**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,651,369)**

19. GEICO repeats and re-alleges the allegations of the preceding Paragraphs 1-18 of its Counterclaims as if fully set forth herein.

20. Symbology purports to be the owner by assignment of the '369 Patent with sole rights to enforce the '369 Patent and sue infringers. Symbology has sued GEICO in the present action, alleging infringement of at least Claim 1 of the '369 Patent.

21. GEICO is not infringing, and has not infringed, any valid, enforceable claim of the '369 Patent.

22. Thus an immediate, real, and justiciable controversy exists between GEICO and Symbology with respect to Symbology's allegations of infringement of the '369 Patent.

23. GEICO is entitled to a declaratory judgment that it is not infringing, and has not infringed, any valid enforceable claim of the '369 Patent.

**COUNTERCLAIM COUNT FOUR**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,651,369)**

24. GEICO repeats and re-alleges the allegations of the preceding Paragraphs 1-23 of its Counterclaims as if fully set forth herein.

25. Symbology purports to be the owner by assignment of the '369 Patent with sole rights to enforce the '369 Patent and sue infringers. Symbology has sued GEICO in the present action, alleging infringement of at least one valid, enforceable claim of the '369 Patent.

26. GEICO denies that the '369 Patent is valid and asserts that the claims of the '369 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

27. Thus an immediate, real, and justiciable controversy exists between GEICO and Symbology with respect to the invalidity of the '369 Patent.

28. GEICO is entitled to a declaratory judgment that the claims of the '369 Patent are invalid.

## COUNTERCLAIM COUNT FIVE
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,936,190)**

29. GEICO repeats and re-alleges the allegations of the preceding Paragraphs 1-28 of its Counterclaims as if fully set forth herein.

30. Symbology purports to be the owner by assignment of the '190 Patent with sole rights to enforce the '190 Patent and sue infringers. Symbology has sued GEICO in the present action, alleging infringement of at least Claim 1 of the '190 Patent.

31. GEICO is not infringing, and has not infringed, any valid, enforceable claim of the '190 Patent.

32. Thus an immediate, real, and justiciable controversy exists between GEICO and Symbology with respect to Symbology's allegations of infringement of the '190 Patent.

33. GEICO is entitled to a declaratory judgment that it is not infringing, and has not infringed, any valid enforceable claim of the '190 Patent.

## COUNTERCLAIM COUNT SIX
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,936,190)**

34. GEICO repeats and re-alleges the allegations of the preceding Paragraphs 1-33 of its Counterclaims as if fully set forth herein.

35. Symbology purports to be the owner by assignment of the '190 Patent with sole rights to enforce the '190 Patent and sue infringers. Symbology has sued GEICO in the present action, alleging infringement of at least one valid, enforceable claim of the '190 Patent.

36. GEICO denies that the '190 Patent is valid and asserts that the claims of the '190 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

37. Thus an immediate, real, and justiciable controversy exists between GEICO and Symbology with respect to the invalidity of the '190 Patent.

38. GEICO is entitled to a declaratory judgment that the claims of the '190 Patent are invalid.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, GEICO respectfully demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Counterclaimant GEICO respectfully requests the following relief:

A. That Symbology takes nothing on its Complaint;

B. That Symbology's Complaint be dismissed with prejudice and that all relief requested by Symbology be denied with prejudice;

      C.      That the Court find and declare that GEICO has not infringed and does not infringe in any manner any valid, enforceable claim of the '752 Patent, the '369 Patent, or the '190 Patent;

      D.      That the Court find and declare that each claim of the '752 Patent, the '369 Patent, and the '190 Patent is invalid;

      E.      That the Court find and declare this to be an exceptional case under 35 U.S.C. § 285, and that the Court award GEICO its reasonable attorneys' fees;

      F.      That the Court award GEICO its costs and expenses associated with this case, together with interest; and

      G.      That the Court award GEICO such further relief, in law or equity, as this Court deems just and proper.

Dated: November 2, 2015				Respectfully submitted,

				/s/Michael E. Jones
				Michael E Jones
				SBN 10929400
				POTTER MINTON, PC
				110 North College
				Suite 500
				Tyler, TX 75702
				Telephone:	903-597-8311
				Facsimile:	903-593-0846
				mikejones@potterminton.com

				Matthew J. Moore
				Jason M. Garr
				LATHAM & WATKINS LLP
				555 Eleventh Street, NW
				Suite 1000
				Washington, DC 20004
				Telephone:	202-637-2200
				Facsimile:	202-637-2201
				matthew.moore@lw.com
				jason.garr@lw.com

				Lisa K. Nguyen
				LATHAM & WATKINS LLP
				140 Scott Drive
				Menlo Park, CA 94025
				Telephone:	650-328-4600
				Facsimile:	650-463-2600
				lisa.nguyen@lw.com

				Cassius K. Sims
				LATHAM & WATKINS LLP
				885 Third Avenue
				New York, NY 10022
				Telephone: 212-906-1200
				Facsimile: 212-751-4864
				cassius.sims@lw.com

				ATTORNEYS FOR DEFENDANT AND
				COUNTERCLAIMANT
				GOVERNMENT EMPLOYEES INSURANCE
				COMPANY

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 2, 2015.

*/s/ Michael E. Jones*