**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC | |
| Plaintiff, | Case No. 2:15-cv-01169-JRG-RSP |
| v. | **LEAD CASE** |
| ADAMS EXTRACT | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER AND COUNTERCLAIMS

Defendant Allstate Insurance Company ("Defendant" or "AIC"), by and through the undersigned counsel, answers Plaintiff's Complaint and asserts Counterclaims as follows.

### PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

**ANSWER:** AIC admits that Plaintiff purports to bring an action for patent infringement pursuant to 35 U.S.C. §§ 1 et seq.  AIC admits that Plaintiff purports to seek injunctive relief and damages.  AIC denies that it has committed any patent infringement alleged by Plaintiff, and denies that any of Plaintiff's patents are valid and enforceable.  AIC denies that Plaintiff is entitled to either injunctive relief or damages, and notes that Plaintiff concedes it is not entitled to injunctive relief by implicitly admitting that money damages would be adequate for any alleged infringement.  Compl. ¶ 1 (prayer for "an Order enjoining Defendants . . . or, *in the alternative*, awarding Plaintiff running royalties").  AIC denies all remaining allegations in this Paragraph.

\

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

**ANSWER:** AIC admits that Plaintiff purports to bring an action for patent infringement pursuant to 35 U.S.C. §§ 1 et seq.  AIC admits that Plaintiff purports to invoke subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  AIC denies all remaining allegations in this Paragraph.

3.      Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

**ANSWER:** AIC is without knowledge or information sufficient to admit or deny the allegations of this Paragraph and therefore denies them.

4.      On information and belief, Allstate Corp. is a Delaware corporation with a principal place of business in Northbrook, Illinois. Allstate Corp. has a registered agent in CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. Upon information and belief, Allstate Corp. serves as the holding company for Allstate Insurance Company and its business is conducted principally through Allstate Insurance, Allstate Life Insurance Company and their affiliates.

**ANSWER:**  The Allstate Corp. is no longer a party to this action.  *See* Dkt. #9. AIC admits that Allstate Corporation is a Delaware corporation with a principal place of business in Northbrook, Illinois.  AIC admits that Allstate Corporation's registered agent in Illinois is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.  AIC admits that it is a subsidiary of Allstate Corporation.  AIC denies all remaining allegations in this Paragraph.

5.      Allstate Insurance is incorporated in Illinois and has a principal place of business in Northbrook, Illinois. Allstate Insurance can be served at 2775 Sanders Road, Northbrook, IL 60062.

**ANSWER:** AIC admits that it is an Illinois insurance company and has a principal place of business in Northbrook, Illinois.  AIC denies all remaining allegations in this Paragraph.

2

6.     This Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, have conducted business in the state of Texas, and/or have engaged in continuous and systematic activities in the state of Texas.

**ANSWER:** To the extent this Paragraph contains conclusions of law, no answer is required.  AIC denies that it has committed, or continues to commit, acts of infringement in the State of Texas.  AIC admits that it transacts business in the State of Texas.  AIC denies all remaining allegations in this Paragraph.

7.     Upon information and belief, Defendants' instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

**ANSWER:** Denied.

## VENUE

8.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this District. In addition, and in the alternative, Defendants have committed acts of infringement in this District.

**ANSWER:** To the extent this Paragraph contains conclusions of law, no answer is required.  AIC denies that it has committed acts of infringement in the Eastern District of Texas.  AIC denies all remaining allegations in this Paragraph.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

9.     Plaintiff incorporates paragraphs 1 through 8 herein by reference.

**ANSWER:** AIC refers to and incorporates herein by reference paragraphs 1-8.

10.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

**ANSWER:** To the extent this Paragraph contains conclusions of law, no answer is required.  AIC admits that Plaintiff purports to bring an action for patent infringement pursuant to 35 U.S.C. §§ 1 et seq.  AIC denies that Plaintiff's patent infringement claim has any colorable

basis under 35 U.S.C. § 271 or any other Section of Title 35 of the United States Code.  AIC

denies that it has committed any patent infringement alleged by Plaintiff, and denies that any of

Plaintiff's patents are valid and enforceable.   AIC denies all remaining allegations in this

Paragraph.

11.     Plaintiff is the owner by assignment of the '752 Patent with sole rights to enforce
the '752 Patent and sue infringers.

**ANSWER:** AIC admits that, according to USPTO records, Symbology

Innovations, LLC appears to be the current assignee of the '752 patent.   AIC is without

knowledge or information sufficient to admit or deny the remaining allegations of this Paragraph

and therefore denies them.

12.     A copy of the '752 Patent, titled "System and Method for Presenting Information
about an Object on a Portable Electronic Device," is attached hereto as Exhibit A.

**ANSWER:** AIC admits that Exhibit A to Plaintiff's complaint appears to be a

copy of the '752 patent, the face of which states it title as "System and Method for Presenting

Information about an Object on a Portable Electronic Device."

13.     The '752 Patent is valid, enforceable, and was duly issued in full compliance with
Title 35 of the United States Code.

**ANSWER:** Denied.

14.     Upon information and belief, Defendants have infringed and continue to infringe
one or more claims, including at least Claim 1, of the '752 Patent by making, using, and/or
printing Quick Response Codes (QR codes) covered by one or more claims of the '752 Patent.
Defendants have infringed and continue to infringe the '752 Patent either directly or through acts
of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** Denied.

15.     Defendants have made, used, and/or printed QR codes on printed and/or
electronic media, including advertising and packaging, associated with select products. One
specific instance of Defendant's activity involves the use of QR Codes on a website in
connection with advertising a product known as the Drivewise® Mobile app. A user scanning
the QR Code provided on the webpage is provided access to the Drivewise® Mobile app.  The
website also provides information to a user as to how to download a scanning app and scan the

QR code. The use of QR codes in this manner infringes at least Claim 1 of the '752 Patent. Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example.

**ANSWER:** AIC admits it has used two-dimensional barcodes on a website in connection with advertising the Drivewise® Mobile App.  Users scanning the barcode with appropriate software were directed to third party websites where the Drivewise® Mobile App could be downloaded to the user's device.  AIC specifically denies that its use of two-dimensional barcodes infringes any claim of the asserted patents and denies the remaining allegations of this Paragraph.

16.    Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

**ANSWER:** Denied.

17.    Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

**ANSWER:** Denied.

18.    Plaintiff is in compliance with 35 U.S.C. § 287.

**ANSWER:** To the extent this Paragraph contains conclusions of law, no answer is required.  AIC is without knowledge or information sufficient to admit or deny the remaining allegations of this Paragraph and therefore denies them.

## COUNT II
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

19.    Plaintiff incorporates paragraphs 1 through 18 herein by reference.

**ANSWER:** AIC refers to and incorporates herein by reference paragraphs 1-18.

20.    This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

**ANSWER:** To the extent this Paragraph contains conclusions of law, no answer is required. AIC admits that Plaintiff purports to bring an action for patent infringement pursuant to 35 U.S.C. §§ 1 et seq. AIC denies that Plaintiff's patent infringement claim has any colorable basis under 35 U.S.C. § 271 or any other Section of Title 35 of the United States Code. AIC denies that it has committed any patent infringement alleged by Plaintiff, and denies that any of Plaintiff's patents are valid and enforceable. AIC denies all remaining allegations in this Paragraph.

21.    Plaintiff is the owner by assignment of the '369 Patent with sole rights to enforce the '369 Patent and sue infringers.

**ANSWER:** AIC admits that, according to USPTO records, Symbology Innovations, LLC appears to be the current assignee of the '369 patent. AIC is without knowledge or information sufficient to admit or deny the remaining allegations of this Paragraph and therefore denies them.

22.    A copy of the '369 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit B.

**ANSWER:** AIC admits that Exhibit B to Plaintiff's complaint appears to be a copy of the '369 patent, the face of which states it title as "System and Method for Presenting Information about an Object on a Portable Electronic Device."

23.    The '369 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:** Denied.

24.    Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including at least Claim 1, of the '369 Patent by making, using, and/or printing Quick Response Codes (QR codes) covered by one or more claims of the '369 Patent. Defendants have infringed and continue to infringe the '369 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** Denied.

25.     Defendants have made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products. One specific instance of Defendants' activity involves the use of QR Codes on a website in connection with advertising a product known as the Drivewise® Mobile app. A user scanning the QR Code provided on the webpage is provided access to the Drivewise® Mobile app. The website also provides information to a user as to how to download a scanning app and scan the QR code. The use of QR codes in this manner infringes at least Claim 1 of the '369 Patent. Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example.

**ANSWER:** AIC admits it has used two-dimensional barcodes on a website in connection with advertising the Drivewise® Mobile App.  Users scanning the barcode with appropriate software were directed to third party websites where the Drivewise® Mobile App could be downloaded to the user's device.  AIC specifically denies that its use of two-dimensional barcodes infringes any claim of the asserted patents and denies the remaining allegations of this Paragraph.

26.     Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

**ANSWER:** Denied.

27.     Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

**ANSWER:** Denied.

28.     Plaintiff is in compliance with 35 U.S.C. § 287.

**ANSWER:** To the extent this Paragraph contains conclusions of law, no answer is required.  AIC is without knowledge or information sufficient to admit or deny the remaining allegations of this Paragraph and therefore denies them.

## COUNT III
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

29.     Plaintiff incorporates paragraphs 1 through 28 herein by reference.

**ANSWER:** AIC refers to and incorporates herein by reference paragraphs 1-28.

30. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

**ANSWER:** To the extent this Paragraph contains conclusions of law, no answer is required. AIC admits that Plaintiff purports to bring an action for patent infringement pursuant to 35 U.S.C. §§ 1 et seq. AIC denies that Plaintiff's patent infringement claim has any colorable basis under 35 U.S.C. § 271 or any other Section of Title 35 of the United States Code. AIC denies that it has committed any patent infringement alleged by Plaintiff, and denies that any of Plaintiff's patents are valid and enforceable. AIC denies all remaining allegations in this Paragraph.

31. Plaintiff is the owner by assignment of the '190 Patent with sole rights to enforce the '190 patent and sue infringers.

**ANSWER:** AIC admits that, according to USPTO records, Symbology Innovations, LLC appears to be the current assignee of the '190 patent. AIC is without knowledge or information sufficient to admit or deny the remaining allegations of this Paragraph and therefore denies them.

32. A copy of the '190 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit C.

**ANSWER:** AIC admits that Exhibit C to Plaintiff's complaint appears to be a copy of the '190 patent, the face of which states it title as "System and Method for Presenting Information about an Object on a Portable Electronic Device."

33. The '190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:** Denied.

34. Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including at least Claim 1, of the '190 Patent by making, using, and/or printing Quick Response Codes (QR codes) covered by one or more claims of the '190 Patent. Defendants have infringed and continue to infringe the '190 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

8

**ANSWER:** Denied.

35.     Defendants have made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products. One specific instance of Defendant's activity involves the use of QR Codes on a website in connection with advertising a product known as the Drivewise® Mobile app. A user scanning the QR Code provided on the webpage is provided access to the Drivewise® Mobile app. The website also provides information to a user as to how to download a scanning app and scan the QR code. The use of QR codes in this manner infringes at least Claim 1 of the '190 Patent. Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example.

**ANSWER:** AIC admits it has used two-dimensional barcodes on a website in connection with advertising the Drivewise® Mobile App.  Users scanning the barcode with appropriate software were directed to third party websites where the Drivewise® Mobile App could be downloaded to the user's device.  AIC specifically denies that its use of two-dimensional barcodes infringes any claim of the asserted patents and denies the remaining allegations of this Paragraph.

36.     Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

**ANSWER:** Denied.

37.     Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

**ANSWER:** Denied.

38.     Plaintiff is in compliance with 35 U.S.C. § 287.

**ANSWER:** To the extent this Paragraph contains conclusions of law, no answer is required.  AIC is without knowledge or information sufficient to admit or deny the remaining allegations of this Paragraph and therefore denies them.

## PRAYER FOR RELIEF

AIC denies that Plaintiff is entitled to any of the requested relief and also denies any and all allegations made in this section.

## AFFIRMATIVE DEFENSES

AIC alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  AIC specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery, and incorporates by reference all affirmative defense of general applicability pled in any other cases alleging infringement of the asserted patents.  AIC incorporates herein by reference the admissions, allegations, denials and Counterclaims contained in its Answer above and below as if fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE - NON-INFRINGEMENT

AIC does not infringe and has not infringed (directly, contributorily, by inducement, or in any other manner) any claim of the asserted patents, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE - INVALIDITY

The claims of the asserted patents are invalid and void for failure to satisfy one or more of the requirements under § 100 et seq. (including §§ 101, 102, 103, and 112) of Title 35 of the United States Code.  The claims of the asserted patents are all directed to an abstract idea and do not contain an inventive concept, and are therefore not directed patent-eligible subject matter under 35 U.S.C. § 101.  The invention(s) purportedly claimed in the claims of the asserted patents are disclosed by one or more prior art patents and/or publications, were known and/or in use in the United States, and/or would have been obvious to one having ordinary skill in the art more than a year prior to the earliest priority date for the asserted patents, and are therefore

invalid under 35 U.S.C. §§ 102–103.   The claims of the asserted patents do not provide reasonable certainty to one having ordinary skill in the art about the scope of what is claimed, and are therefore invalid under 35 U.S.C. § 112.

### THIRD AFFIRMATIVE DEFENSE - FAILURE TO STATE A CLAIM
Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE - LICENSE, EXHAUSTION, FIRST SALE
Plaintiff's claims are foreclosed, in part or whole, by express or implied license and/or by the doctrines of patent exhaustion and/or first sale.

### FIFTH AFFIRMATIVE DEFENSE - LACHES AND ESTOPPEL
Plaintiff's claims are barred, in part or whole, by one or more of the doctrines of unclean hands, laches, estoppel, waiver, and/or acquiescence, including equitable estoppel, claim construction estoppel, and/or prosecution history estoppel.

### SIXTH AFFIRMATIVE DEFENSE - NO INJUNCTIVE RELIEF
Plaintiff cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE - INTERVENING RIGHTS
Plaintiff's claims are barred and/or limited in whole or in part by the doctrine of intervening rights under 35 U.S.C. §§ 252 and 307.

### COUNTERCLAIMS

Defendant AIC incorporates herein by reference the admissions, allegations, denials and Affirmative Defenses contained in the Answer above as if fully set forth herein.   For its Counterclaims against Plaintiff, AIC states as follows:

1.      AIC is an Illinois insurance company with its principal place of business in Northbrook, Illinois.

2.      On information and belief, Plaintiff Symbology Innovations, LLC is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

3.      This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 35 U.S.C. §1 *et seq.*, 28 U.S.C. §§ 1331, 1367, and 1338(a) for a declaratory judgment pursuant to 28 U.S.C. §§ 2201, and 2202.

4.      This Court has personal jurisdiction over Plaintiff.  Plaintiff has consented to jurisdiction in this district by filing suit against AIC in this Court.

5.      In its Complaint against AIC, Plaintiff asserts causes of action against AIC for alleged infringement of the '752 patent, the '369 patent, and the '190 patent.

6.      AIC asserts that the '752 patent, the '369 patent, and the '190 patent are invalid and/or have not been and are not infringed by AIC directly, jointly, contributorily, or by inducement, or in any other manner, either literally or under the doctrine of equivalents.

7.      Consequently, there is an actual case or controversy between the parties over the validity and infringement of the '752 patent, the '369 patent, and the '190 patent.

**COUNTERCLAIM I (ONE)**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '752 PATENT**

8.      AIC restates and incorporates by reference its allegations in the preceding paragraphs.

9.      An actual case or controversy exists between AIC and Plaintiff as to whether the '752 patent is infringed by AIC.

10.      A judicial declaration is necessary and appropriate so that AIC may ascertain its rights with respect to the '752 patent.

11.     AIC has not infringed and does not infringe (directly, jointly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '752 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM II (TWO)
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '752 PATENT

12.     AIC restates and incorporates by reference its allegations in the preceding paragraphs.

13.     An actual case or controversy exists between AIC and Plaintiff as to whether the '752 patent is invalid.

14.     A judicial declaration is necessary and appropriate so that AIC may ascertain its rights as to whether the '752 patent is invalid.

15.     The claims of the '752 patent are invalid and void for failure to satisfy one or more of the requirements under §§100 *et seq.* (including §§ 101, 102, 103, and 112) of Title 35 of the United States Code.

## COUNTERCLAIM III (THREE)
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '369 PATENT

16.     AIC restates and incorporates by reference its allegations in the preceding paragraphs.

17.     An actual case or controversy exists between AIC and Plaintiff as to whether the '369 patent is infringed by AIC.

18.     A judicial declaration is necessary and appropriate so that AIC may ascertain its rights with respect to the '369 patent.

19.     AIC has not infringed and does not infringe (directly, jointly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '369 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM IV (FOUR)
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '369 PATENT

20.     AIC restates and incorporates by reference its allegations in the preceding paragraphs.

21.     An actual case or controversy exists between AIC and Plaintiff as to whether the '369 patent is invalid.

22.     A judicial declaration is necessary and appropriate so that AIC may ascertain its rights as to whether the '369 patent is invalid.

23.     The claims of the '369 patent are invalid and void for failure to satisfy one or more of the requirements under §§100 *et seq.* (including §§ 101, 102, 103, and 112) of Title 35 of the United States Code.

## COUNTERCLAIM V (FIVE)
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '190 PATENT

24.     AIC restates and incorporates by reference its allegations in the preceding paragraphs.

25.     An actual case or controversy exists between AIC and Plaintiff as to whether the '190 patent is infringed by AIC.

26.     A judicial declaration is necessary and appropriate so that AIC may ascertain its rights with respect to the '190 patent.

27.     AIC has not infringed and does not infringe (directly, jointly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '190 patent, either literally or under the doctrine of equivalents.

14

**COUNTERCLAIM VI (SIX)**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '190 PATENT**

28.     AIC restates and incorporates by reference its allegations in the preceding paragraphs.

29.     An actual case or controversy exists between AIC and Plaintiff as to whether the '190 patent is invalid.

30.     A judicial declaration is necessary and appropriate so that AIC may ascertain its rights as to whether the '190 patent is invalid.

31.     The claims of the '190 patent are invalid and void for failure to satisfy one or more of the requirements under §§100 *et seq.* (including §§ 101, 102, 103, and 112) of Title 35 of the United States Code.

**PRAYER FOR RELIEF**

WHEREFORE, AIC prays for judgment as follows:

1.     A judgment dismissing Plaintiff's Complaint against AIC with prejudice;

2.     A judgment in favor of AIC on all its Counterclaims;

3.     A declaration that AIC has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '752 patent, the '369 patent, or the '190 patent;

4.     A declaration that the claims of the '752 patent, the '369 patent, and the '190 patent are invalid;

5.     A declaration that this case is exceptional and an award to AIC of its attorneys' fees pursuant to 35 U.S.C. § 285;

6.     An award to AIC of its costs in defending against Plaintiff's claims; and

7.     Such other and further relief as this Court may deem just and proper.

Dated: November 17, 2015

Respectfully submitted,

*/s/ Melissa Smith*

Melissa Richards Smith
Texas State Bar No. 24001351
Gillam & Smith, L.L.P.
303 South Washington Ave.
Marshall, TX 75670
(903) 934-8450 Phone
(903) 934-9257 Fax
melissa@gillamsmithlaw.com

Garret Leach, P.C. (IL 6237520)
Vishesh Narayen (IL 6302625)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654
(312) 862-2000 Phone
(312) 862-2200 Fax
garret.leach@kirkland.com
vishesh.narayen@kirkland.com

**Counsel for Defendant/Counter-Claimant
Allstate Insurance Company**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 17, 2015.  Any other counsel of record will be served by First Class U.S. mail and/or email on this same date.

*/s/ Melissa Smith*
Melissa R. Smith