IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC | § § | |
| VS. | § § | Civil Case No. 2:15-cv-1169 JRG/RSP |
| ADAMS EXTRACT | § | |

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC | § § | |
| VS. | § § | Civil Case No. 2:15-cv-1181 JRG/RSP |
| RE/MAX LLC | § | |

## RE/MAX LLC'S ANSWER AND COUNTERCLAIMS TO SYMBOLOGY INNOVATIONS, LL'S COMPLAINT [DOC. NO. 1]

Defendant RE/MAX LLC ("RE/MAX"), by its undersigned counsel, hereby answers Plaintiff Symbology Innovations, LLC's ("Symbology") Complaint ("Complaint") [Doc. 1] as follows.

### PARTIES AND JURISDICTION

1. RE/MAX admits the allegations of paragraph 1 of the Complaint.

2. RE/MAX admits the allegations of paragraph 2 of the Complaint.

3. RE/MAX is without sufficient information to admit or deny the allegations in paragraph 3 of the Complaint and therefore denies the same.

4. RE/MAX admits that it has its principal place of business at 5075 South Syracuse St., Denver, CO 80237, but otherwise denies the allegations of paragraph 4 of the Complaint.

5. RE/MAX admits that this Court has personal jurisdiction over RE/MAX, but otherwise denies the allegations of paragraph 5 of the Complaint.

6. RE/MAX denies the allegations of paragraph 6 of the Complaint.

## VENUE

7. RE/MAX denies the allegations of paragraph 6 of the Complaint. RE/MAX admits that venue is proper in this district under 28 U.S.C. §§ 1391, 1400, but avers that, for the convenience of the parties and in the interest of justice, the District of Colorado is the proper forum for this action. RE/MAX denies any and all remaining allegations and/or legal conclusions contained in paragraph 7 of the Complaint.

## COUNT I: INFRINGEMENT OF THE '752 PATENT

8. RE/MAX incorporates by reference its responses to paragraphs 1 through 7 of the Complaint as though set forth fully herein.

9. RE/MAX admits the allegations in paragraph 9 of the Complaint.

10. RE/MAX is without sufficient information to admit or deny the allegations in paragraph 10 of the Complaint and therefore denies the same.

11. RE/MAX admits the allegations in paragraph 11 of the Complaint.

12. RE/MAX denies the allegations in paragraph 12 of the Complaint.

13. RE/MAX denies the allegations in paragraph 13 of the Complaint.

14. RE/MAX denies the allegations in paragraph 14 of the Complaint.

15. RE/MAX denies the allegations in paragraph 15 of the Complaint.

16. RE/MAX denies the allegations in paragraph 16 of the Complaint.

17. RE/MAX denies the allegations in paragraph 17 of the Complaint.

## COUNT II: INFRINGEMENT OF THE '369 PATENT

18. RE/MAX incorporates by reference its responses to paragraphs 1 through 17 as though set forth fully herein.

19. RE/MAX admits the allegations in paragraph 19 of the Complaint.

20. RE/MAX is without sufficient information to admit or deny the allegations in paragraph 20 of the Complaint and therefore denies the same.

21. RE/MAX admits the allegations in paragraph 21 of the Complaint.

22. RE/MAX denies the allegations in paragraph 22 of the Complaint.

23. RE/MAX denies the allegations in paragraph 23 of the Complaint.

24. RE/MAX denies the allegations in paragraph 24 of the Complaint.

25. RE/MAX denies the allegations in paragraph 25 of the Complaint.

26. RE/MAX denies the allegations in paragraph 26 of the Complaint.

27. RE/MAX denies the allegations in paragraph 27 of the Complaint.

## COUNT III: INFRINGEMENT OF THE '190 PATENT

28. RE/MAX incorporates by reference its responses to paragraphs 1 through 27 of the Complaint as though set forth fully herein.

29. RE/MAX admits the allegations in paragraph 29 of the Complaint.

30. RE/MAX is without sufficient information to admit or deny the allegations in paragraph 30 of the Complaint and therefore denies the same.

31. RE/MAX admits the allegations in paragraph 31 of the Complaint.

32. RE/MAX denies the allegations in paragraph 32 of the Complaint.

33. RE/MAX denies the allegations in paragraph 33 of the Complaint.

34. RE/MAX denies the allegations in paragraph 34 of the Complaint.

35. RE/MAX denies the allegations in paragraph 35 of the Complaint.

36. RE/MAX denies the allegations in paragraph 36 of the Complaint.

37. RE/MAX denies the allegations in paragraph 37 of the Complaint.

## PRAYER FOR RELIEF

RE/MAX denies that Symbology is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Symbology has failed to state a claim upon which relief can be granted.

2. RE/MAX has not directly infringed, has not contributed to the infringement of, and has not induced others to infringe, either literally or under the doctrine of equivalents, any valid claim of U.S. Patent Nos. 8,424,752; 8,651,369; 8,936,190 (collectively, the "Asserted Patents").

3. The Asserted Patents are invalid for failure to meet the conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112 of the Patent Act.

4. Symbology's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

5. Symbology's claims are barred, in whole or in part, by 35 U.S.C. §§ 286 and/or 287.

6. On information and belief, this is an exceptional case entitling RE/MAX to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, at least as a result of Symbology's assertion of the Asserted Patents against RE/MAX without conducting an adequate pre-suit investigation.

## JURY DEMAND

RE/MAX demands a trial by jury on all issues that may be so tried.

## RE/MAX's COUNTERCLAIMS

1. The following counterclaims for declaratory relief arise under the Declaratory Judgment Act of the United States, more particularly Title 28 U.S.C. §§ 2201, 2202.

2. This Court has jurisdiction over the subject matter of these counterclaims under, without limitation, Title 28 U.S.C. §§ 1331, 1338, 1400, 2201, and 2202.

3. In the Complaint, Symbology asserts it is a Texas limited liability company with its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas, 75093.

4. RE/MAX is a Delaware limited liability company with its principal place of business at 5075 South Syracuse St., Denver, CO 80237.

5. The Court has personal jurisdiction over Symbology by virtue of the Complaint that Symbology filed in this Court, and Symbology's presence in this judicial district.

6. An actual controversy exists between Symbology and RE/MAX regarding the alleged infringement and invalidity of the Asserted Patents, by virtue of Symbology's Complaint and RE/MAX's Answer.

7. To the extent that this action remains in this District, venue is appropriate because Symbology has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are asserted. RE/MAX reserves its right to seek a transfer of venue to the clearly more convenient District of Colorado, pursuant to 28 U.S.C. § 1404. RE/MAX consents to transfer its counterclaims to the District of Colorado, if the Court determines that transferring Symbology's claims to that district is appropriate.

## FIRST COUNTERCLAIM

### [Declaratory Judgment of Non-Infringement of the Asserted Patents]

8. RE/MAX incorporates by reference the allegations in paragraphs 1 through 7 of these Counterclaims.

9. By filing its Complaint, Symbology has purported to assert claims against RE/MAX for the alleged infringement of the Asserted Patents.

10. RE/MAX denies Symbology's allegations of infringement.

11. RE/MAX does not make, market, distribute, sell, or offer to sell any apparatus, system, or article of manufacture that is covered by any valid claim of the Asserted Patents.

12. RE/MAX does not practice any process or method that is covered by any valid claim of the Asserted Patents.

13. RE/MAX has neither contributed to nor induced another party's infringement of the Asserted Patents.

14. Accordingly, an actual and justiciable controversy exists between Symbology and RE/MAX as to infringement of the claims of the Asserted Patents.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, RE/MAX is entitled to judgment from this Court finding that the Asserted Patents are not infringed by RE/MAX, whether directly or indirectly.

## SECOND COUNTERCLAIM

### [Declaratory Judgment of Invalidity of the Asserted Patents]

16. RE/MAX incorporates by reference the allegations set forth in paragraphs 1 through 15 of these Counterclaims.

17. Symbology claims the Asserted Patents are valid.

18. RE/MAX denies that the Asserted Patents are valid. The claims of the Asserted Patents are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 111(a) and 112.

19. Accordingly, an actual and justiciable controversy exists between Symbology and RE/MAX as to the validity of the claims of the Asserted Patents.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, RE/MAX is entitled to judgment from this Court finding that the Asserted Patents are invalid.

## EXCEPTIONAL CASE

21. On information and belief, this is an exceptional case entitling RE/MAX to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, at least as a result of Symbology's assertion of the Asserted Patents against RE/MAX without conducting an adequate pre-suit investigation.

## REQUEST FOR RELIEF

WHEREFORE, RE/MAX requests that the Court enter judgment in its favor, and against Symbology, as follows:

A. Dismissing Symbology's Complaint in its entirety so that Symbology takes nothing upon its asserted causes of action;

B. Declaring that RE/MAX has not infringed any claim of the Asserted Patents;

C. Declaring each of the Asserted Patents to be invalid;

D. Finding this is an exceptional case thereby entitling RE/MAX to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285; and

E. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: November 23, 2015 By: */s/ Deborah Race*
Deborah Race
State Bar No. 16448700
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: drace@icklaw.com

ATTORNEYS FOR DEFENDANT
RE/MAX, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 23, 2015.

/s/ *Deborah Race*