IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,  Plaintiff,  v.  ADAMS EXTRACT,  Defendant. | Civil Action No. 2:15-cv-1169-JRG-RSP (Consolidated)  JURY TRIAL DEMANDED  LEAD CASE |
| SYMBOLOGY INNOVATIONS, LLC,  Plaintiff,  v.  GENERAL MILLS, INC.,  Defendant. | Civil Action No. 2:15-cv-1864-JRG-RSP  JURY TRIAL DEMANDED |

### DEFENDANT GENERAL MILLS, INC.'S MOTION TO DISMISS PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS UNDER RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), Defendant General Mills, Inc. ("General Mills") moves to dismiss certain claims of the Complaint of Plaintiff Symbology Innovations, LLC ("Symbology").  Because Symbology failed to allege sufficient facts to state claims of contributory infringement and inducement under the controlling standard, General Mills respectfully requests that the Court dismiss these claims.[1]

The Federal Circuit clearly explained the pleading requirement for indirect infringement in *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337, 1340 (Fed. Cir. 2012) and *Superior Indus., LLC v. Thor Glob. Enterprises Ltd.*, 700 F.3d 1295-96

---

[1] Concurrent with and without prejudice to the present motion, General Mills will answer the allegations of the Complaint as they relate to direct infringement.

1

(Fed. Cir. 2012). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337; *see also Superior Indus.*, 700 F.3d at 1296. Additionally, a plaintiff must plead facts that support a reasonable inference that the accused components are "especially made or especially adapted for use in an infringement of such patent." *Superior Indus.*, 700 F.3d at 1295-96; *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *5 (E.D. Tex. Aug. 14, 2015).

To state a claim for induced infringement, a plaintiff must, among other things, plead facts that allow an inference that the defendant "specifically intended [its] customers to infringe the . . . patent and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339. "It is well-established that 'naked assertions devoid of 'further factual enhancement' are insufficient to state a claim." *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, Case No. 6:12-CV-366 MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2010)).

**I. SYMBOLOGY FAILED TO ALLEGE SUFFICIENT FACTS SUPPORTING A CLAIM OF CONTRIBUTORY INFRINGEMENT**

Symbology states, without support, that "Defendant has infringed and continues to infringe [each of the patents-in-suit] either directly or indirectly through acts of contributory infringement . . . ." (Complaint, ¶¶ 13, 23, 33). The Complaint offers only the following factual allegations with respect to these claims:

> 14. On information and belief, Defendant has, at least through internal testing, made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products and/or services. One specific example of Defendant's activity involves the use of QR codes on packaging associated with its Betty Crocker® Low-Fat Fudge Brownie Mix product. A user scanning the QR Code is provided with information about

> the product including, for example, recipes using the product. Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example. The use of QR codes in this manner infringes at least Claim 1 of the '752 Patent.

(*Id.* at ¶ 14; *see also id.* at ¶¶ 24, 34).

In violation of the clear rule of *Bill of Lading*, Symbology fails to allege facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses. 681 F.3d at 1337. The contributory infringement allegations are further deficient because Symbology does not even allege that any allegedly infringing component was especially made or especially adapted for infringement of the patents-in-suit let alone any facts that support an inference of the same. *Superior Indus.,* 700 F.3d at 1295-96; *Core Wireless Licensing*, 2015 WL 4910427, at *5. As a result, Symbology's claim of contributory infringement should be dismissed.

## II. SYMBOLOGY FAILED TO ALLEGE SUFFICIENT FACTS SUPPORTING A CLAIM OF INDUCED INFRINGEMENT

Symbology similarly states, without support, that "Defendant has infringed and continues to infringe [each of the patents-in-suit] either directly or indirectly through acts of . . . inducement . . . ." (Complaint, ¶¶ 13, 23, 33). Again, in violation of *Bill of Lading*, Symbology failed to plead facts that allow an inference that General Mills specifically intended its customers to infringe the patents-in-suit and/or knew that its customer's acts constituted infringement. Instead, the Complaint offers only the following factual allegations:

> 14. On information and belief, Defendant has, at least through internal testing, made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products and/or services. One specific example of Defendant's activity involves the use of QR codes on packaging associated with its Betty Crocker® Low-Fat Fudge Brownie Mix product. A user scanning the QR Code is provided with information about the product including, for example, recipes using the product. Upon being scanned, the QR code remotely transmits information regarding the product to the

> user via a device, such as a smart phone, for example. The use of QR codes in this manner infringes at least Claim 1 of the '752 Patent.

(*Id.* at ¶ 14; *see also id.* at ¶¶ 24, 34). Because Symbology alleges no facts about General Mills' knowledge or intent with regard to infringement by customers or other third parties, its claim of induced infringement should be dismissed.

### III. CONCLUSION

As set forth above, Symbology has failed to satisfy the pleading standard clearly articulated in *Bill of Lading* and, thus, should not be allowed to maintain its claims for contributory and induced infringement. Accordingly, General Mills respectfully requests dismissal of those claims.

Dated: January 26, 2016

Respectfully submitted

GREENBERG TRAURIG, LLP

*/s/ Allan A. Kassenoff*
Scott J. Bornstein
Email: bornsteins@gtlaw.com
Allan A. Kassenoff
Email: kassenoffa@gtlaw.com
Vimal M. Kapadia
Email: kapadiav@gtlaw.com
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

**COUNSEL FOR DEFENDANT**
*General Mills, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on January 26, 2016.  Any other counsel of record will be served by facsimile transmission and/or U.S. Mail.

                                                                               */s/ Allan A. Kassenoff*
                                                                               Allan A. Kassenoff