IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Symbology Innovations, LLC, | § | |
| | § | Civil Action No. 2:15-cv-1169-JRG-RSP |
| Plaintiff, | § | Lead Consolidated Case |
| | § | |
| v. | § | |
| | § | |
| Adams Extract | § | |
| Jaguar Land Rover North America, LLC | § | 2:15-cv-01873-JRG-RSP |

**DEFENDANT JAGUAR LAND ROVER NORTH AMERICA'S MOTION TO DISMISS,
OR ALTERNATIVELY,
FOR MORE DEFINITIVE STATEMENT**

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. ISSUES TO BE DECIDED ............................................................................................1

III. BACKGROUND ............................................................................................................2

IV. LEGAL STANDARD.....................................................................................................2

V. ARGUMENT..................................................................................................................4

    A. The Complaint Includes No Allegations of Knowledge of the Asserted Patents Nor Allegations of Direct Infringement by a Third Party ..........................4

    B. Symbology Fails to Properly Allege the Other Elements of Induced Infringement..........................................................................................................6

    C. Symbology Fails to Properly Allege the Other Elements of Contributory Infringement..........................................................................................................7

VI. CONCLUSION...............................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
   No. 13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .................................................. 5

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-CV-702-XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) ..................................... 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 2, 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 2, 3, 5

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 13, 2015) ............................ 6

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2004) .................................................................................................. 4

*DSU Med. Corp. v. JMS Co. Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) .................................................................................................. 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) ................................................................................................................ 3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ......................................................................................... 2, 3, 4

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
   420 F.3d 1369 (Fed. Cir. 2005) .................................................................................................. 3

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
   No. 6:12cv366-MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ................................. 7

## STATUTES

35 U.S.C. § 271(b) ........................................................................................................................ 3

35 U.S.C. § 271(c) ........................................................................................................................ 4

## RULES

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 3

Defendant Jaguar Land Rover North America ("Defendant" or "JLRNA") respectfully moves the Court to dismiss the indirect infringement claims of Plaintiff Symbology Innovations, LLC ("Plaintiff" or "Symbology") as set forth in Symbology's complaint for failure to state a claim. Alternatively, JLRNA moves the Court for an order requiring Symbology to provide a more definite statement of Symbology's indirect infringement claims.

## I. INTRODUCTION

Symbology's indirect infringement claims are fatally deficient. Symbology's complaint includes the bare assertion that "Defendant has infringed and continues to infringe . . . through acts of contributory infringement or inducement." (Compl. ¶¶ 13, 23, 33, Dkt. 1.) The complaint includes no other allegations related to indirect infringement. The complaint includes no allegations of knowledge of the patents asserted, nor any allegations of direct infringement by a third party. The complaint recites no acts of active inducement by JLRNA, no allegations that accused components are especially made for use in infringement, and no assertions that accused components have no substantial non-infringing use. Symbology utterly fails to allege the requisite elements of inducement and contributory infringement, let alone sufficient facts to support such allegations. Accordingly, Symbology's indirect infringement claims cannot stand as currently alleged.

## II. ISSUES TO BE DECIDED

1. Whether the induced infringement claims in Counts I-III of the complaint fail to state a claim upon which relief may be granted.

2. Whether the contributory infringement claims in Counts I-III of the complaint fail to state a claim upon which relief may be granted.

### III. BACKGROUND

Symbology filed its complaint against JLRNA on November 25, 2015, alleging direct, induced, and contributory infringement of three patents: U.S. Patent Nos. 8,424,752 (the "'752 patent"), 8,651,369 (the "'369 patent"), and 8,936,190 (the "'190 patent") (collectively, the "Asserted Patents"). (Compl. ¶¶ 8-37.)

For its induced and contributory infringement claims, Symbology merely repeats the following two paragraphs:

> Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the [Asserted Patents] by making, using, and/or printing Quick Response Codes (QR codes) covered by one or more claims of the [Asserted Patents]. Defendant has infringed and continues to infringe the [Asserted Patents] either directly or through acts of ***contributory infringement or inducement*** in violation of 35 U.S.C. § 271.
>
> On information and belief, Defendant has, at least through internal testing, made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products and/or services. One specific example of Defendant's activity involves the use of QR Codes on packaging and/or marketing materials associated with its Ranger [sic] Rover products. A user scanning the QR Code is provided with information about the product including, for example, product configurations and pricing. Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example. The use of QR codes in this manner infringes at least Claim 1 of the [Asserted Patents].

(*Id.* ¶¶ 13-14, 23-24, 33-34 (emphasis added).) These paragraphs do no more than provide naked assertions of induced and contributory infringement. They fail to even allege the legal elements of induced and contributory infringement, let alone specific facts to support such allegations.

### IV. LEGAL STANDARD

Claims for indirect infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal*. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) ("[W]e must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement."). To state a valid

2

claim, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must allege specific facts in support of each such claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (finding that a "naked assertion" of wrongdoing without "factual enhancement" does not state a claim). The purpose of this threshold pleading standard is twofold: (1) to show that the plaintiff has some reasonable basis for its allegations; and (2) to put the defendant on "fair notice" of the claims at issue. *See Iqbal*, 556 U.S. at 698; *Twombly*, 550 U.S. at 555 (explaining a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (citation omitted)).

A claim for induced infringement under 35 U.S.C. § 271(b) requires proof: (1) of an act of direct infringement by another; and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co. Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires 'that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'"). Thus, in order to survive a motion to dismiss, the complaint must (1) adequately plead direct infringement by defendant's customers, (2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that defendant knew that the customer's acts constituted infringement. *See Bill of Lading*, 681 F.3d at 1339.

3

A claim for contributory infringement under 35 U.S.C. § 271(c) requires proof: (1) of an act of direct infringement; (2) that the defendant "knew that the combination for which its components were especially made was both patented and infringing"; and (3) that the components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2004). A complaint fails to properly plead a claim of contributory infringement if it does not contain sufficient facts from which the Court may conclude that the claim is plausible. *Bill of Lading*, 681 F.3d 1337.

Here, Symbology simply makes a bare assertion of induced and contributory infringement. Symbology fails to assert *any facts* from which the Court may conclude the claims are plausible.

## V. ARGUMENT

### A. The Complaint Includes No Allegations of Knowledge of the Asserted Patents Nor Allegations of Direct Infringement by a Third Party

Symbology's complaint fails to include the two most basic elements of any indirect infringement claim—knowledge of the Asserted Patents and direct infringement by a third party. Thus, there is no plausible claim of indirect infringement because there are simply *no facts* in the complaint to support these claims.

The complaint includes no allegations related to knowledge of the Asserted Patents. "Absence of knowledge is a fatal flaw in a claim for indirect infringement." *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) (dismissing indirect infringement claims where complaint "did not allege [defendant] had knowledge as to either of the forms of indirect patent infringement"). Plaintiff asserts that "Defendant *has infringed* and continues to infringe the [Asserted Patents] either directly or *through acts of contributory infringement or inducement* in violation of 35 U.S.C. § 271."

4

(Compl. ¶¶ 13, 23, 33 (emphasis added).) This allegation implies that Symbology is claiming pre-suit indirect infringement. But, Symbology fails to allege *any knowledge* of the Asserted Patents—pre-suit or post-suit—to support its claim of indirect infringement. Thus, JLRNA "and the Court must speculate as to the extent and scope of Plaintiff's [indirect] infringement claim. Such allegations are not sufficient to satisfy the pleading standard established in *Iqbal* and *Twombly*." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13-cv-365, 2014 WL 2892285, at *4 (W.D. Tex. May 12, 2014).

Similarly, the complaint fails to adequately identify any direct acts of infringement by a third party. Although the complaint does reference a "user" of JLRNA's packaging and marketing material, this "user" is referenced in the context of JLRNA's alleged direct infringement, not the user's:

> *One specific example of Defendant's activity* involves the use of QR Codes on packaging and/or marketing materials associated with its Ranger [sic] Rover products. A user scanning the QR Code *is provided* with information about the product including, for example, product configurations and pricing. Upon being scanned, the QR code remotely transmits information regarding the product *to the user* via a device, such as a smart phone, for example. The use of QR codes in this manner infringes at least Claim 1 of the [Asserted Patents].

(Compl. ¶¶ 14, 24, 34 (emphasis added).) Symbology alleges that *JLRNA's activities*, involving the transmission of information to the user when the QR Code is scanned, directly infringes the Asserted Patents. Symbology never alleges what acts by the user results in direct infringement. Thus, JLRNA has no "fair notice of what [Symbology's indirect infringement] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Without any allegations relating to knowledge of the Asserted Patents and direct infringement by a third party, there is no question that Symbology's indirect infringement claims are deficient.

5

### B. Symbology Fails to Properly Allege the Other Elements of Induced Infringement

Even setting aside Symbology's failure to allege knowledge of the Asserted Patents and direct infringement by a third party, Symbology's inducement claim cannot survive because it fails to recite the other elements of induced infringement. In particular, Symbology fails to allege that JLRNA had the specific intent to induce a third party's actions, and knowledge that those actions amounted to infringement.

This Court has dismissed indirect infringement claims that included far more detail than the claims here. In *Core Wireless Licensing v. Apple Inc.*, the Court considered a complaint that alleged that defendant "provides instructive materials and information concerning operation and use of the accused products." No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 13, 2015). The Court found these factual allegations insufficient to support a claim of inducement—"generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 13, 2015).

Here, Symbology does not allege any facts that establish a plausible inference that JLRNA has the specific intent to induce its customer's actions (nor does Symbology even identify what those customer's action are). Symbology identifies no instructional materials or guides, or any other acts by JLRNA that would direct its customer's actions. Therefore, as in *Core Wireless*, Symbology's induced infringement claim must be dismissed.

### C. Symbology Fails to Properly Allege the Other Elements of Contributory Infringement

Like Symbology's induced infringement claims, Symbology's complaint fails to recite the other elements of contributory infringement. In particular, Symbology fails to allege that the accused components are especially made for use in infringement and that the accused components have no substantial non-infringing uses.

In *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, the complaint included allegations that the accused products "embody the patented invention" and "customers who purchase systems and components thereof and operate such systems and components thereof in accordance with [defendant's] instructions directly infringe one or more claims." No. 6:12cv366-MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013). Plaintiff argued that an inference of "no substantial non-infringing use" could be taken from these allegations. But, this Court rejected that argument, finding that those allegations "do not alone create a reasonable inference that the accused components have no substantial non-infringing use." *Id.*

Here, the complaint is even more deficient. Again, Symbology's complaint fails to even identify any third party acts of direct infringement, let alone allege any facts that would lead to a reasonable inference that such acts have no substantial non-infringing alternatives. Therefore, as in *U.S. Ethernet Innovations*, Symbology's contributory infringement claim must be dismissed.

## VI. CONCLUSION

For the foregoing reasons, JLRNA respectfully requests the Court dismiss Symbology's indirect infringement claims. Alternatively, JLRNA respectfully requests that the Court order Symbology to provide a more definite statement of its indirect infringement claims.

Dated: February 10, 2016	Respectfully submitted,

    */s/Michael E. Jones*
Michael E Jones
SBN 10929400
POTTER MINTON, PC
110 North College
Suite 500
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846
mikejones@potterminton.com

Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: 202-637-2200
Facsimile: 202-637-2201
matthew.moore@lw.com

Lisa K. Nguyen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: 650-328-4600
Facsimile: 650-463-2600
lisa.nguyen@lw.com

Cassius K. Sims
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 1002
Telephone: 212-906-1200
Facsimile: 212-751-4864
cassius.sims@lw.com

ATTORNEYS FOR DEFENDANT
JAGUAR LAND ROVER NORTH AMERICA, LLC

8

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 10, 2016.

                                                      */s/Michael E. Jones*