IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ADAMS EXTRACT,<br><br>  Defendant. | CASE NO. 2:15-cv-01169<br><br>LEAD CASE |
| SYMBOLOGY INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>PERNOD RICARD USA, LLC<br><br>  Defendant. | CASE NO. 2:15-cv-01869<br><br>JURY TRIAL DEMANDED |

**DEFENDANT PERNOD RICARD USA, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Pernod Ricard USA, LLC ("Pernod Ricard USA") files this Answer and Counterclaims to Plaintiff Symbology Innovations, LLC's ("Plaintiff") Complaint. Pernod Ricard USA denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

## PARTIES AND JURISDICTION

1. Pernod Ricard USA admits that the Complaint purports to set forth an action for patent infringement and the Plaintiff purports to seek injunctive relief as well as damages, but denies that Plaintiff is entitled to any relief from Pernod Ricard USA.

2. Pernod Ricard USA admits that the Complaint purports to set for an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

3. Pernod Ricard USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Pernod Ricard USA admits that it is organized under the laws of Delaware, and has a principal place of business at 250 Park Avenue, New York, NY 10177.  Pernod Ricard USA also admits that Pernod Ricard USA may be served via its registered agent for service of process at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste 620, Austin, TX 78701-3218.

5. Pernod Ricard USA denies the allegations of Paragraph 5 of the Complaint.

6. Pernod Ricard USA denies the allegations in Paragraph 6 of the Complaint.

## VENUE

7. Pernod Ricard USA admits that venue may be proper. Pernod Ricard USA denies that venue is convenient in this judicial district as to Pernod Ricard USA. Pernod

Ricard USA denies it has committed acts of infringement and, on that basis, denies the remaining allegations of Paragraph 7.

## COUNT I

8. Pernod Ricard USA incorporates by reference the answers to paragraphs 1–7 above.

9. Pernod Ricard USA admits that the Complaint purports to set forth a claim under the patent laws of the United States. Pernod Ricard USA otherwise denies the remaining allegations of Paragraph 9 of the Complaint.

10. Pernod Ricard USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Pernod Ricard USA admits that a purported copy of U.S. Patent No. 8,424,752 (the "'752 Patent") is attached to the complaint as Exhibit A and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Pernod Ricard USA is without knowledge or information sufficient to confirm or deny if the document attached as Exhibit A is a true and correct copy of the '752 Patent. Pernod Ricard USA otherwise denies the remaining allegations in Paragraph 11 of the Complaint.

12. Pernod Ricard USA denies the allegations in Paragraph 12 of the Complaint.

13. Pernod Ricard USA denies the allegations in Paragraph 13 of the Complaint.

14. Pernod Ricard USA denies the allegations in Paragraph 14 of the Complaint.

15. Pernod Ricard USA denies the allegations in Paragraph 15 of the Complaint.

16. Pernod Ricard USA denies the allegations in Paragraph 16 of the Complaint.

17. Pernod Ricard USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies all such allegations.

## COUNT II

18. Pernod Ricard USA incorporates by reference the answers to paragraphs 1–17 above.

19. Pernod Ricard USA admits that the Complaint purports to set forth a claim under the patent laws of the United States. Pernod Ricard USA otherwise denies the remaining allegations of Paragraph 19 of the Complaint.

20. Pernod Ricard USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21. Pernod Ricard USA admits that a purported copy of U.S. Patent No. 8,651,369 (the "'369 Patent") is attached to the complaint as Exhibit B and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Pernod Ricard USA is without

knowledge or information sufficient to confirm or deny if the document attached as Exhibit B is a true and correct copy of the '369 Patent. Pernod Ricard USA otherwise denies the remaining allegations in Paragraph 21 of the Complaint.

22. Pernod Ricard USA denies the allegations in Paragraph 22 of the Complaint.

23. Pernod Ricard USA denies the allegations in Paragraph 23 of the Complaint.

24. Pernod Ricard USA denies the allegations in Paragraph 24 of the Complaint.

25. Pernod Ricard USA denies the allegations in Paragraph 25 of the Complaint.

26. Pernod Ricard USA denies the allegations in Paragraph 26 of the Complaint.

27. Pernod Ricard USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies all such allegations.

## COUNT III

28. Pernod Ricard USA incorporates by reference the answers to paragraphs 1–27 above.

29. Pernod Ricard USA admits that the Complaint purports to set forth a claim under the patent laws of the United States. Pernod Ricard USA otherwise denies the remaining allegations of Paragraph 29 of the Complaint.

30. Pernod Ricard USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies all such allegations.

31. Pernod Ricard USA admits that a purported copy of U.S. Patent No. 8,936,190 (the "'190 Patent") is attached to the complaint as Exhibit C and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Pernod Ricard USA is without knowledge or information sufficient to confirm or deny if the document attached as Exhibit C is a true and correct copy of the '190 Patent. Pernod Ricard USA otherwise denies the remaining allegations in Paragraph 31 of the Complaint.

32. Pernod Ricard USA denies the allegations in Paragraph 32 of the Complaint.

33. Pernod Ricard USA denies the allegations in Paragraph 33 of the Complaint.

34. Pernod Ricard USA denies the allegations in Paragraph 34 of the Complaint.

35. Pernod Ricard USA denies the allegations in Paragraph 35 of the Complaint.

36. Pernod Ricard USA denies the allegations in Paragraph 36 of the Complaint.

37. Pernod Ricard USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on that basis, denies all such allegations.

## PRAYER FOR RELIEF

Pernod Ricard USA denies the Plaintiff is entitled to any relief from Pernod Ricard USA and denies all the allegations contained in Paragraphs a-e of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Pernod Ricard USA's Affirmative Defenses are listed below. Pernod Ricard USA reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

38. Pernod Ricard USA has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), and valid, enforceable claim of the '752, '369, and '190 Patents (collectively, the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

39. Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

40. To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Pernod Ricard USA's actions allegedly infringe the Asserted Patents, Pernod Ricard USA is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

**FOURTH AFFIRMATIVE DEFENSE**

41. To the extent that Plaintiff asserts that Pernod Ricard USA indirectly infringes, either by contributory infringement or inducement of infringement, Pernod Ricard USA is not liable to Plaintiff for the acts alleged to have been performed before Pernod Ricard USA knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

42. Plaintiff's attempted enforcement of the Asserted Patents against Pernod Ricard USA is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

43. The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Pernod Ricard USA.

**SEVENTH AFFIRMATIVE DEFENSE**

44. Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patentable subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

45. To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## PERNOD RICARD USA'S COUNTERCLAIMS

For its counterclaims against Plaintiff Symbology Innovations, LLC ("Symbology"), Counterclaim Plaintiff Pernod Ricard USA, LLC ("Pernod Ricard USA"), alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Pernod Ricard SA, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with offices located at 250 Park Ave., 17th floor, New York, New York 10177.

2. Upon information and belief based solely on Paragraph 3 of the Complaint as plead by Plaintiff, Counterclaim Defendant Symbology Innovations, LLC, is a limited liability company organized and existing under the laws of the State of Texas and maintains its principle place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION

3. Pernod Ricard USA incorporates by reference paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

DEFENDANT PERNOD RICARD USA, LLC'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT - Page 9

5.     Symbology has consented to the personal jurisdiction of this court by at least commencing their action for patent infringement in this district, as set forth in its Complaint.

6.     Based solely on Symbology's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

7.     Pernod Ricard USA incorporates by reference paragraphs 1–6 above.

8.     Based on Symbology's filing of this action and at least Pernod Ricard USA's first affirmative defense, and actual controversy has arisen and now exists between the parties as to whether Pernod Ricard USA infringes the '752, '369, and '190 Patents.

9.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Pernod Ricard USA requests a declaration by the Court that Pernod Ricard USA has not infringed and does not infringe any claim of the '752, '369, and '190 Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

10.    Pernod Ricard USA incorporates by reference paragraphs 1–9 above.

11.    Based on Symbology's filing of this action and at least Pernod Ricard USA's Second Affirmative Defense, and actual controversy has arisen and now exists between the parties as to the validity of the claims of the '752, '369, and '190 Patents.

12. Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Pernod Ricard USA requests a declaration by the Court claims of the '752, '369, and '190 Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Pernod Ricard USA asks this Court to enter judgment in Pernod Ricard USA's favor and against Symbology by granting the following relief:

    a)     a declaration that the '752, '369, and '190 Patents are invalid;

    b)     a declaration that Pernod Ricard USA does not infringe, under any theory, any valid claim of the '752, '369, and '190 Patents that may be enforceable;

    c)     a declaration the Symbology take nothing by its Complaint;

    d)     judgement against Symbology and in favor of Pernod Ricard USA;

    e)     dismissal of the Complaint with prejudice;

    f)     a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Pernod Ricard USA of its costs and attorneys' fees incurred in this action; and

    g)     further relief as the Court may deem just and proper.

## JURY DEMAND

Pernod Ricard USA hereby demands trial by jury on all issues.

Dated: February 12, 2016

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    Bret T. Winterle
    winterle@fr.com
    Texas Bar No. 24084249
    Ricardo J. Bonilla
    rbonilla@fr.com
    Texas Bar No. 24082704
    1717 Main Street, Suite 5000
    Dallas, Texas  75201
    (214) 747-5070 - Telephone
    (214) 747-2091 - Facsimile

**COUNSEL FOR DEFENDANT**
**PERNOD RICARD USA, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 12, 2016, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Ricardo J. Bonilla*
Ricardo J. Bonilla