# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **SYMBOLY INNOVATIONS, LLC**<br><br>　　　　**Plaintiff,**<br>　v.<br><br>**PNY TECHNOLOGIES, INC.,**<br><br>　　　　**Defendant.** | **C.A. No. 2:15-cv-01169-JRG-RSP**<br>**LEAD CASE**<br><br><br>**C.A. No. 2:15-cv-01870-JRG-RSP** |

## DEFENDANT PNY TECHNOLOGIES, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY FOR MORE DEFINITE STATEMENT

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. ISSUES TO BE DECIDED ................................................................................................. 1

III. BACKGROUND .................................................................................................................. 2

IV. LEGAL STANDARD ........................................................................................................... 2

V. ARGUMENT ....................................................................................................................... 4

    A. Symbology's Complaint Contains No Allegations of Knowledge of the Asserted Patents Nor Allegations of Direct Infringement by a Third Party .......................... 4

    B. Symbology's Complaint Does Not Allege the Other Elements of Induced Infringement .......................................................................................................... 6

    C. Symbology Does Not Allege the Other Elements of Contributory Infringement .. 6

VI. CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Affinity Labs of Texas, LLC v. Toyota Motor N Am.*,
   No. 13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ................................................5

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-CV-702-XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) ..................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..............................................................................................................3, 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................................................2, 3, 5

*Core Wireless Licensing* v. *Apple Inc.*,
   No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 13, 2015 .............................6

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2004) ................................................................................................4

*DSU Med. Corp. v. JMS Co. Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) ................................................................................................3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) .............................................................................................................3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F .3d 1323 (Fed. Cir. 2012) ........................................................................................2, 3, 4

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
   420 F.3d 1369 (Fed. Cir. 2005) ................................................................................................3

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
   No. 6:12cv366-MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013 .................................7

**STATUTES**

35 U.S.C. § 271 ..................................................................................................................... 1, 2, 4

35 U.S.C. § 271(b) ...........................................................................................................................3

35 U.S.C. § 271(c) ...........................................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) .....................................................................................................................2

Defendant PNY Technologies, Inc. ("PNY") respectfully requests the Court dismiss the indirect infringement claims of Plaintiff Symbology Innovations, LLC ("Symbology"), as set forth in Symbology's complaint (DE 1), for failure to state a claim. Alternatively, PNY requests that the Court order Symbology to provide a more definite statement of its indirect infringement claims.

## I.   INTRODUCTION

Symbology's indirect infringement claims against PNY are fatally deficient. Symbology's complaint against PNY makes the bare assertion that "Defendant has infringed and continues to infringe . . . through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271." DE 1 at ¶¶ 13, 23, 33. The complaint includes no other allegations related to indirect infringement. The complaint includes no allegations of knowledge of U.S. Patent Nos. 8,424,752 (the "'752 Patent"), 8,651,369 (the "'369 Patent"), or 8,936,190 (the "'190 Patent") (collectively, the "Asserted Patents"), nor any allegations of direct infringement by a third party. The complaint recites no acts of active inducement by PNY, no allegations that the accused components are especially made for use in infringement, and no assertions that the accused components have no substantial non-infringing use. Symbology does not allege the requisite elements of inducement and contributory infringement, let alone sufficient facts to support such allegations. Accordingly, Symbology's indirect infringement claims cannot stand as currently alleged.

## II.   ISSUES TO BE DECIDED

1.   Whether the induced infringement claims in Counts I-III of the complaint fail to state a claim upon which relief may be granted.

2.   Whether the contributory infringement claims in Claims I-III of the complaint fail to state a claim upon which relief may be granted.

1

### III.  BACKGROUND

Symbology filed its complaint against PNY on November 24, 2015, alleging direct, induced, and contributory infringement of the Asserted Patents. DE 1 at ¶¶ 8-37.

For its induced and contributory infringement claims, Symbology merely repeats the following two paragraphs:

> Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the [Asserted Patents] by making, using, and/or printing Quick Response Codes (QR codes) covered by one or more claims of the [Asserted Patents].  Defendant has infringed and continues to infringe the [Asserted Patents] either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.
>
> On information and belief, Defendant has, at least through internal testing, made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products and/or services. One specific example of Defendant's activity involves the use of QR codes on packaging associated with its flash memory card products.  A user scanning the QR Code is provided with information about the product including, for example, product specifications and purchase information. Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example. The use of QR codes in this manner infringes at least Claim 1 of the [Asserted Patents].

*Id.* at ¶¶ 13-14, 23-24, 33-34.  These paragraphs are no more than naked assertions of induced and contributory infringement.  They do not allege the required legal elements for induced and contributory infringement, let alone specific facts to support such allegations.

### IV.  LEGAL STANDARD

Claims for indirect infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal*.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F .3d 1323, 1337 (Fed. Cir. 2012) ("[W]e must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement.").  To state a valid claim, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must allege specific facts in support of

2

each such claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007) (finding that a "naked assertion" of wrongdoing without "factual enhancement" does not state a claim). The purpose of this threshold pleading standard is twofold: (1) to show that the plaintiff has some reasonable basis for its allegations; and (2) to put the defendant on "fair notice" of the claims at issue. *See Iqbal,* 556 U.S. at 698; *Twombly,* 550 U.S. at 555 (explaining a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (citation omitted)).

A claim for induced infringement under 35 U.S.C. § 271(b) requires proof: (1) of an act of direct infringement by another; and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co. Ltd.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires 'that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'"). Thus, in order to survive a motion to dismiss, the complaint must (1) adequately plead direct infringement by defendant's customers, (2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that defendant knew that the customer's acts constituted infringement. *See Bill of Lading,* 681 F.3d at 1339.

A claim for contributory infringement under 35 U.S.C. § 271(c) requires proof: (1) of an act of direct infringement; (2) that the defendant "knew that the combination for which its

components were especially made was both patented and infringing"; and (3) that the components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,* 424 F.3d 1293, 1312 (Fed. Cir. 2004). A complaint fails to properly plead a claim of contributory infringement if it does not contain sufficient facts from which the Court may conclude that the claim is plausible. *Bill of Lading,* 681 F.3d 1337.

Here, Symbology simply makes bare assertions of induced and contributory infringement. Symbology asserts no facts from which the Court may conclude the claims are plausible.

## V. ARGUMENT

### A. Symbology's Complaint Contains No Allegations of Knowledge of the Asserted Patents Nor Allegations of Direct Infringement by a Third Party

Symbology's complaint omits two required elements for an indirect infringement claim—knowledge of the Asserted Patents and direct infringement by a third party. Without these allegations Symbology has no plausible claim for indirect infringement because there are simply *no facts* in the complaint to support these claims.

Symbology's complaint includes no allegations related to knowledge of the Asserted Patents. "Absence of knowledge is a fatal flaw in a claim for indirect infringement." *Aguirre v. Powerchute Sports, LLC,* No. SA-10-CV-702-XR, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) (dismissing indirect infringement claims where complaint "did not allege [defendant] had knowledge as to either of the forms of indirect patent infringement"). Symbology asserts that "[PNY] *has infringed* and continues to infringe the [Asserted Patents] either directly or *through acts of contributory infringement or inducement* in violation of 35 U.S.C. § 271." DE 1 ¶¶ 13, 23, 33 (emphasis added). This allegation implies that Symbology is claiming pre-suit indirect infringement. But, Symbology fails to allege *any knowledge* of the Asserted Patents—pre-suit or

4

post-suit—to support its claims of indirect infringement. Thus, PNY "and the Court must speculate as to the extent and scope of [Symbology's] [indirect] infringement claim. Such allegations are not sufficient to satisfy the pleading standard established in *Iqbal* and *Twombly*." *Affinity Labs of Texas, LLC v. Toyota Motor N Am.,* No. 13-cv-365, 2014 WL 2892285, at *4 (W.D. Tex. May 12, 2014).

Similarly, Symbology's complaint fails to identify any direct acts of infringement by a third party. Although the complaint does reference a "user" of PNY's flash memory card products and packaging, this "user" is referenced in the context of PNY's alleged direct infringement, not the user's:

> One specific example of **_Defendant's activity_** involves the use of QR Codes on packaging associated with its flash memory card products. A user scanning the QR Code *is provided* with information about the product including, for example, product specifications and purchase information. Upon being scanned, the QR code remotely transmits information regarding the product *to the user* via a device, such as a smart phone, for example. The use of QR codes in this manner infringes at least Claim 1 of the [Asserted Patents].

DE 1 at ¶¶ 14, 24, 34 (emphasis added). Thus, Symbology alleges that *PNY's activities, i.e.* the transmission of information to the user when the QR Code is scanned, *directly* infringes the Asserted Patents. Symbology never alleges what acts *by the user* result in direct infringement. Thus, PNY has no "fair notice of what [Symbology's indirect infringement] claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555.

Without any allegations relating to knowledge of the Asserted Patents and direct infringement by a third party, Symbology's indirect infringement claims are legally deficient and must be dismissed.

5

### B.  Symbology's Complaint Does Not Allege the Other Elements of Induced Infringement

In addition to Symbology's failure to allege knowledge of the Asserted Patents and direct infringement by a third party, Symbology's inducement claim fails to recite the other elements of induced infringement. Specifically, Symbology fails to allege that PNY had the specific intent to induce a third party's actions, and knowledge that those actions constituted infringement.

This Court has dismissed indirect infringement claims that included far more detail than Symbology's claims here. For example, In *Core Wireless Licensing* v. *Apple Inc.,* the Court considered a complaint that alleged that the defendant "provides instructive materials and information concerning operation and use of the accused products." No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 13, 2015). The Court found these factual allegations insufficient to support a claim of inducement—"generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim." *Id.*

Here, Symbology does not allege any facts that establish a plausible inference that PNY had the specific intent to induce its customer's actions (nor does Symbology identify those customer's action). Symbology identifies no instructional materials or guides, or any other acts by PNY that would direct its customer's actions. Therefore, as in *Core Wireless,* Symbology's induced infringement claim must be dismissed.

### C.  Symbology Does Not Allege the Other Elements of Contributory Infringement

Similar to Symbology's induced infringement claims, Symbology's allegations of contributory infringement omit required elements. Specifically, Symbology fails to allege that

6

the accused components are especially made for use in infringement and that the accused components have no substantial non-infringing uses.

In *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.,* the complaint included allegations that the accused products "embody the patented invention" and "customers who purchase systems and components thereof and operate such systems and components thereof in accordance with [defendant's] instructions directly infringe one or more claims." No. 6:12cv366-MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013). The plaintiff argued that an inference of "no substantial non-infringing use" could be taken from these allegations. This Court rejected that argument, holding that those allegations "do not alone create a reasonable inference that the accused components have no substantial non-infringing use." *Id.*

Here, the complaint is even more deficient. Symbology's complaint does not identify any third party acts of direct infringement, let alone allege any facts that would lead to a reasonable inference that such acts have no substantial non-infringing alternatives. Thus, as in *U.S. Ethernet Innovations,* Symbology's contributory infringement claim must be dismissed.

## VI. CONCLUSION

For the foregoing reasons, PNY respectfully requests the Court dismiss Symbology's indirect infringement claims. Alternatively, PNY respectfully requests that the Court order Symbology to provide a more definite statement of its indirect infringement claims.

DATED: February 16, 2016

                                    Respectfully Submitted,

                                    */s/ Deron R. Dacus*
                                    Deron R. Dacus
                                    Texas State Bar No. 00790553
                                    ddacus@dacusfirm.com
                                    The Dacus Firm
                                    821 ESE Loop 323
                                    Tyler, TX 75701
                                    Telephone: (903) 705-7233
                                    Facsimile: (903) 581-2543

                                    Michael M. Murray
                                    New York Bar No. 2711265
                                    MMurray@winston.com
                                    Robert L. Green
                                    Texas State Bar No. 24087625
                                    rlgreen@winston.com

                                    WINSTON & STRAWN, LLP
                                    1111 Louisiana, 25th Floor
                                    Houston, Texas 77002
                                    Telephone: (713) 651-2600
                                    Facsimile: (713) 651-2700


                                    ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

      The undersigned certifies that on this 16th day of February, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                    */s/ Deron R. Dacus*
                                    Deron R. Dacus