IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br> v.<br><br>ADAMS EXTRACT,<br><br>  Defendant. | Civil Action No. 2:15-cv-1169-JRG-RSP (Consolidated)<br><br>JURY TRIAL DEMANDED<br><br>LEAD CASE |
| SYMBOLOGY INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br> v.<br><br>GENERAL MILLS, INC.,<br><br>  Defendant. | Civil Action No. 2:15-cv-1864-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GENERAL MILLS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant General Mills, Inc. ("General Mills"), by its attorneys of record, responds to the allegations of the First Amended Complaint ("Complaint") of Symbology Innovations, LLC ("Symbology") as follows:

1. General Mills admits that the Complaint purports to state a cause of action for patent infringement under Title 35 of the United States Code. General Mills admits Plaintiff purports to seek injunctive relief as well as damages.

2. At this time, General Mills does not contest this Court's subject matter jurisdiction over Symbology's claims.

NY 245689164v2

3. General Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4. General Mills admits the allegations in Paragraph 4.

5. At this time, General Mills does not contest personal jurisdiction. General Mills admits that it has conducted business in the state of Texas and has engaged in continuous and systematic activities in the state of Texas. General Mills denies the remaining allegations in Paragraph 5.

6. General Mills denies that any of its products infringe U.S. Patent Nos. 8,424,752 (the "'752 Patent"), 8,651,369 (the "'369 Patent") and/or 8,936,190 (the "'190 Patent") (collectively, "the Asserted Patents") but admits that the General Mills instrumentalities that are alleged to infringe were and continue to be used, imported, offered for sale and/or sold in the Eastern District of Texas.

7. General Mills denies the allegations in Paragraph 7.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

8. General Mills incorporates by reference its responses to Paragraphs 1-7 as if fully stated herein.

9. General Mills admits that the Complaint purports to state a cause of action under the patent laws of the United States and in particular 35 U.S.C. §§ 271, *et seq*.

10. General Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11. General Mills admits that a copy of the '752 Patent, entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device," appears to have been attached to the Complaint as Exhibit A.

12. General Mills denies the allegations in Paragraph 12.

13. General Mills denies the allegations in Paragraph 13.

14. General Mills admits that QR codes are printed on the packaging for select General Mills products, including on the packaging of its Betty Crocker® Low-Fat Fudge Brownie Mix product. General Mills admits that a user scanning the QR code on a General Mills product with a third-party application may be provided with information about the product including, for example, recipes using the product. General Mills denies the remaining allegations in Paragraph 14.

15. General Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16. General Mills denies the allegations in Paragraph 16.

17. General Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

### COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

18. General Mills incorporates by reference its responses to Paragraphs 1-17 as if fully stated herein.

19. General Mills admits that the Complaint purports to state a cause of action under the patent laws of the United States and in particular 35 U.S.C. §§ 271, *et seq*.

20. General Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21. General Mills admits that a copy of the '369 Patent, entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device," appears to have been attached to the Complaint as Exhibit B.

NY 245689164v2

22. General Mills denies the allegations in Paragraph 22.

23. General Mills denies the allegations in Paragraph 23.

24. General Mills admits that QR codes are printed on the packaging for select General Mills products, including on the packaging of its Betty Crocker® Low-Fat Fudge Brownie Mix product. General Mills admits that a user scanning the QR code on a General Mills product with a third-party application may be provided with information about the product including, for example, recipes using the product. General Mills denies the remaining allegations in Paragraph 24.

25. General Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same.

26. General Mills denies the allegations in Paragraph 26.

27. General Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

## COUNT III
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

28. General Mills incorporates by reference its responses to Paragraphs 1-27 as if fully stated herein.

29. General Mills admits that the Complaint purports to state a cause of action under the patent laws of the United States and in particular 35 U.S.C. §§ 271, *et seq*.

30. General Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

31. General Mills admits that a copy of the '190 Patent, entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device," appears to have been attached to the Complaint as Exhibit C.

NY 245689164v2

32. General Mills denies the allegations in Paragraph 32.

33. General Mills denies the allegations in Paragraph 33.

34. General Mills admits that QR codes are printed on the packaging for select General Mills products, including on the packaging of its Betty Crocker® Low-Fat Fudge Brownie Mix product. General Mills admits that a user scanning the QR code on a General Mills products with a third-party application may be provided with information about the product including, for example, recipes using the product. General Mills denies the remaining allegations in Paragraph 34.

35. General Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies the same.

36. General Mills denies the allegations in Paragraph 36.

37. General Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the same.

## ANSWER TO PRAYER FOR RELIEF

General Mills incorporates by reference its responses to paragraphs 1 through 37 of the Complaint and denies that Symbology is entitled to any relief requested in Paragraphs (a) through (e) of Symbology's Prayer for Relief or any judgment against General Mills.

## GENERAL DENIAL

General Mills denies each and every allegation not expressly admitted.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), General Mills asserts the following defenses to the causes of action asserted in the Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law:

NY 245689164v2

## FIRST DEFENSE
(No Infringement)

1. General Mills has not and does not infringe any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE
(Invalidity, Unenforceability)

2. The Asserted Patents, and each claim thereof, are invalid and/or unenforceable for failing to satisfy one or more of the requirements under the patent laws of the United States set forth in 35 U.S.C. §§ 101, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 282.

3. The Asserted Patents are unenforceable because Symbology has misused the patents by attempting to enforce them despite knowing that they are invalid and/or not infringed.

## THIRD DEFENSE
(Notice, Damages, and Costs)

4. Pursuant to 35 U.S.C. § 286, Symbology's recovery for alleged infringement of the Asserted Patents is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint against General Mills.

5. To the extent Symbology failed to comply with the notice provisions of 35 U.S.C. § 287, Symbology may not recover damages for alleged infringement of the Asserted Patents committed prior to the filing of its Complaint against General Mills.

## FOURTH DEFENSE
(Failure to State a Claim)

6. The Complaint fails to state a claim upon which relief can be granted.

NY 245689164v2

FIFTH DEFENSE
(Not an Exceptional Case)

7. Symbology cannot prove that this is an exceptional case justifying an award of attorney fees against General Mills pursuant to 35 U.S.C. § 285.

SIXTH DEFENSE
(No Injunctive Relief)

8. Symbology is not entitled to injunctive relief because any alleged injury to Symbology is not immediate or irreparable, and Symbology has an adequate remedy at law.

SEVENTH DEFENSE
(Equitable Defenses)

9. Symbology's claims are barred in whole or in part by waiver, laches, and equitable estoppel.

10. Symbology's claims and/or the relief sought in the Complaint are barred by the doctrine of unclean hands.

**COUNTERCLAIMS**

Counterclaimant General Mills, Inc. ("General Mills") brings these counterclaims against Symbology Innovations, LLC ("Symbology"), alleging as follows:

**PARTIES**

1. Defendant General Mills is a corporation organized and existing under the laws of Delaware, with a place of business at 1 General Mills Blvd., Minneapolis, MN.

2. On information and belief, Symbology is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

NY 245689164v2

## JURISDICTION AND VENUE

3. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

4. Symbology has alleged that General Mills infringes the Asserted Patents. Accordingly, an actual controversy exists between General Mills and Symbology over the alleged infringement and invalidity of the Asserted Patents.

5. This Court has personal jurisdiction over Symbology because, *inter alia*, Symbology has submitted to the jurisdiction of this Court by filing suit in this district and has purposefully availed itself of the benefits and protections of the laws of the district.

6. Subject to General Mills' reservation of its right to assert that a change of venue is appropriate because this district is not the most convenient forum under 28 U.S.C. § 1404, venue is technically proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400.

## FIRST COUNTERCLAIM – NON-INFRINGEMENT OF THE '752 PATENT

7. General Mills incorporates and realleges Counterclaim Paragraphs 1 through 6 as though fully set forth herein.

8. General Mills has not infringed and does not infringe any valid and enforceable claim of the '752 Patent, either literally or under the doctrine of equivalents.

9. General Mills seeks a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '752 Patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM – INVALIDITY OF THE '752 PATENT

10. General Mills incorporates and realleges Counterclaim Paragraphs 1 through 9 as though fully set forth herein.

8

11. The '752 Patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

12. General Mills therefore seeks a declaratory judgment that each claim of the '752 Patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

### THIRD COUNTERCLAIM – NON-INFRINGEMENT OF THE '369 PATENT

13. General Mills incorporates and realleges Counterclaim Paragraphs 1 through 12 as though fully set forth herein.

14. General Mills has not infringed and does not infringe any valid and enforceable claim of the '369 Patent, either literally or under the doctrine of equivalents.

15. General Mills seeks a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '369 Patent, either literally or under the doctrine of equivalents.

### FOURTH COUNTERCLAIM – INVALIDITY OF THE '369 PATENT

16. General Mills incorporates and realleges Counterclaim Paragraphs 1 through 15 as though fully set forth herein.

17. The '369 Patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

18. General Mills therefore seeks a declaratory judgment that each claim of the '369 Patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

NY 245689164v2

### FIFTH COUNTERCLAIM – NON-INFRINGEMENT OF THE '190 PATENT

19. General Mills incorporates and realleges Counterclaim Paragraphs 1 through 18 as though fully set forth herein.

20. General Mills has not infringed and does not infringe any valid and enforceable claim of the '190 Patent, either literally or under the doctrine of equivalents.

21. General Mills seeks a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '190 Patent, either literally or under the doctrine of equivalents.

### SIXTH COUNTERCLAIM – INVALIDITY OF THE '190 PATENT

22. General Mills incorporates and realleges Counterclaim Paragraphs 1 through 21 as though fully set forth herein.

23. The '190 Patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

24. General Mills therefore seeks a declaratory judgment that each claim of the '190 Patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, General Mills requests a trial by jury on all issues and claims so triable.

### PRAYER FOR RELIEF

General Mills respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.  An order and judgment declaring that General Mills does not directly infringe any claim of the '752, '369 or '190 Patents;

b.  An order and judgment declaring that the '752, '369 and '190 Patents are invalid;

c.  Dismissal of the Complaint with prejudice;

d.  An order declaring this case exceptional and awarding General Mills its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e.  Any other relief that the Court may deem appropriate and just under the circumstances.

Dated: February 25, 2016

Respectfully submitted

GREENBERG TRAURIG, LLP

*/s/ Allan A. Kassenoff*

Scott J. Bornstein
Email: bornsteins@gtlaw.com
Allan A. Kassenoff
Email: kassenoffa@gtlaw.com
Vimal M. Kapadia
Email: kapadiav@gtlaw.com
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400

**COUNSEL FOR DEFENDANT**
*General Mills, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on February 25, 2016.  Any other counsel of record will be served by facsimile transmission and/or U.S. Mail.

                                                      */s/ Allan A. Kassenoff*
                                                      Allan A. Kassenoff

*NY 245689164v2*