IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC | § | Civil Action No. 2:15-cv-1169-RWS-RSP |
| | § | Lead Consolidated Case |
| Plaintiff, | § | |
| | § | |
| v. | § | JURY |
| | § | |
| ADAMS EXTRACT CO., INC., | § | |
| | § | |
| Defendant. | § | |

_____

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC | § | Civil Action No. 2:15-cv-1868-RWS-RSP |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| NEILMED PRODUCTS, INC. d/b/a | § | |
| NEILMED PHARMACEUTICALS, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT NEILMED PHARMACEUTICALS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant NeilMed Pharmaceuticals, Inc. ("NeilMed") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Symbology Innovations, LLC's ("Plaintiff") Complaint. NeilMed denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

PARTIES AND JURISDICTION

1. NeilMed admits that the Complaint purports to set forth an action for patent infringement and the Plaintiff purports to seek injunctive relief as well as damages, but denies that Plaintiff is entitled to any relief from NeilMed.

2. NeilMed admits that the Complaint purports to set for an action for patent

infringement under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., and that this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

3. NeilMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. NeilMed admits that it is a corporation organized and existing under the laws of the State of California with its principal place of business at 601 Aviation Blvd., Santa Rosa, CA 95043.  NeilMed denies that it has appointed Nina Mehta as its agent for service of process.

5. NeilMed denies the allegations of Paragraph 5 of the Complaint.

6. NeilMed denies the allegations in paragraph 6 of the Complaint.

## VENUE

7. NeilMed lacks sufficient information to determine whether venue is proper and on that basis denies the allegation. NeilMed denies that venue is convenient in this judicial district as to NeilMed. NeilMed denies it has committed acts of infringement and, on that basis, denies the remaining allegations of Paragraph 7.

## COUNT I

8. NeilMed incorporates by reference the answers to paragraphs 1–7 above.

9. NeilMed admits that the Complaint purports to set forth a claim under the patent laws of the United States. NeilMed otherwise denies the remaining allegations of Paragraph 9 of the Complaint.

10. NeilMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. NeilMed admits that a purported copy of U.S. Patent No. 8,424,752 (the "'752 Patent") is attached to the complaint as Exhibit A and that the face of that patent indicates that

it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." NeilMed lacks knowledge sufficient to confirm or deny if the document attached as Exhibit A is a true and correct copy of the '752 Patent. NeilMed otherwise denies the remaining allegations in paragraph 11.

12. NeilMed denies the allegations in Paragraph 12 of the Complaint.

13. NeilMed denies the allegations in Paragraph 13 of the Complaint.

14. NeilMed denies the allegations in Paragraph 14 of the Complaint.

15. NeilMed denies the allegations in Paragraph 15 of the Complaint.

16. NeilMed denies the allegations in Paragraph 16 of the Complaint.

17. NeilMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies all such allegations.

## COUNT II

18. NeilMed incorporates by reference the answers to paragraphs 1–17 above.

19. NeilMed admits that the Complaint purports to set forth a claim under the patent laws of the United States. NeilMed otherwise denies the remaining allegations of Paragraph 19 of the Complaint.

20. NeilMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21. NeilMed admits that a purported copy of U.S. Patent No. 8,651,369 (the "'369 Patent") is attached to the complaint as Exhibit B. NeilMed denies that the '369 Patent is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." NeilMed lacks knowledge sufficient to confirm or deny if the document attached as Exhibit B is a true and correct copy of the '369 Patent. NeilMed otherwise denies the remaining allegations in paragraph 21.

22. NeilMed denies the allegations in Paragraph 22 of the Complaint.

23. NeilMed denies the allegations in Paragraph 23 of the Complaint.

24. NeilMed denies the allegations in Paragraph 24 of the Complaint.

25. NeilMed denies the allegations in Paragraph 25 of the Complaint.

26. NeilMed denies the allegations in Paragraph 26 of the Complaint.

27. NeilMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies all such allegations.

## COUNT III

28. NeilMed incorporates by reference the answers to paragraphs 1–27 above.

29. NeilMed admits that the Complaint purports to set forth a claim under the patent laws of the United States. NeilMed otherwise denies the remaining allegations of Paragraph 29 of the Complaint.

30. NeilMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies all such allegations.

31. NeilMed admits that a purported copy of U.S. Patent No. 8,936,190 (the "'190 Patent") is attached to the complaint as Exhibit C and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." NeilMed lacks knowledge sufficient to confirm or deny if the document attached as Exhibit C is a true and correct copy of the '190 Patent. NeilMed otherwise denies the remaining allegations in paragraph 31.

32. NeilMed denies the allegations in Paragraph 32 of the Complaint.

33. NeilMed denies the allegations in Paragraph 33 of the Complaint.

34. NeilMed denies the allegations in Paragraph 34 of the Complaint.

35. NeilMed denies the allegations in Paragraph 35 of the Complaint.

36. NeilMed denies the allegations in Paragraph 36 of the Complaint.

37. NeilMed is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on that basis, denies all such allegations.

## PRAYER FOR RELIEF

NeilMed denies that Plaintiff is entitled to any relief from NeilMed and denies all the allegations contained in Paragraphs (a)-(e) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

NeilMed's Affirmative Defenses are listed below. NeilMed reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

38. NeilMed has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), and valid, enforceable claim of the '752, '369, and '190 Patents (collectively, the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

39. Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

40. To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C § 287, or otherwise give proper notice that NeilMed's actions allegedly infringe the

Asserted Patents, NeilMed is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

41. To the extent that Plaintiff asserts that NeilMed indirectly infringes, either by contributory infringement or inducement of infringement, NeilMed is not liable to Plaintiff for the acts alleged to have been performed before NeilMed knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

42. Plaintiff's attempted enforcement of the Asserted Patents against NeilMed is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

43. The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by NeilMed.

## SEVENTH AFFIRMATIVE DEFENSE

44. Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patentable subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

45. To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## NEILMED'S COUNTERCLAIMS

For its counterclaims against Symbology, NeilMed, alleges as follows:

## PARTIES

1. NeilMed is a corporation organized and existing under the laws of the State of California, with a principal place of business in Santa Rosa, California.

2. Upon information and belief based solely on Paragraph 3 of the Complaint as pleaded, Symbology is a limited liability company organized and existing under the laws of the State of Texas and maintains its principle place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION

3. NeilMed incorporates by reference paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Symbology has consented to the personal jurisdiction of this court by at least commencing their action for patent infringement in this district, as set forth in its Complaint.

6. Based solely on Symbology's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

7. NeilMed incorporates by reference paragraphs 1–6 above.

8. Based on Symbology's filing of this action and at least NeilMed's first affirmative defense, and actual controversy has arisen and now exists between the parties as to whether NeilMed infringes the '752, '369, and '190 Patents.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., NeilMed requests a declaration by the Court that NeilMed has not infringed and does not infringe any claim of the '752, '369, and '190 Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

10. NeilMed incorporates by reference paragraphs 1–9 above.

11. Based on Symbology's filing of this action and at least NeilMed's Second Affirmative Defense, and actual controversy has arisen and now exists between the parties as to the validity of the claims of the '752, '369, and '190 Patents.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., NeilMed requests a declaration by the Court claims of the '752, '369, and '190 Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, NeilMed asks this Court to enter judgment in NeilMed's favor and against Symbology by granting the following relief:

(a) A declaration that the '752, '369, and '190 Patents are invalid;

(b) A declaration that NeilMed does not infringe, under any theory, any valid claim of the '752, '369, and '190 Patents that may be enforceable;

(c) A declaration the Symbology take nothing by its Complaint;

(d) Judgment against Symbology and in favor of NeilMed;

(e) Dismissal of the Complaint with prejudice;

(f) A finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to NeilMed of its costs and attorneys' fees incurred in this action; and

(g) Further relief as the Court may deem just and proper.

## JURY DEMAND

NeilMed hereby demands trial by jury on all issues.

Dated:  March 11, 2016          Respectfully submitted,

By: /s/ Brent Lee

MICHAEL A. TAITELMAN
California State Bar No. 156254
FREEDMAN + TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile:  (310) 201-0045
E-mail:  mtaitelman@ftllp.com

BRENT LEE
State Bar No. 24036959
TREYSON BROOKS
State Bar No. 24061278
QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
Email: blee@qslwm.com
        tbrooks@qslwm.com

COUNSEL FOR DEFENDANT
NEILMED PHARMACEUTICALS, INC.

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been furnished to all counsel of record in accordance with the Federal Rules of Civil Procedure, via ECF, on the 11th day of March, 2016.

/s/ Brent Lee
BRENT LEE

4810-4302-2383, v.  1

**DEFENDANT NEILMED PHARMACEUTICALS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT—Page 9**